## Adolph Roth, Appellant, v. Bernard W. Snow, Bailiff of the Municipal Court of Chicago, Appellee.

### Gen. No. 31,730.

1. EXECUTIONS—*losing lien by neglect to enforce.* A judgment creditor who does not seek to enforce an execution or perverts it from its legitimate purpose may lose the benefit of his lien.

2. REPLEVIN—*on whom is burden of proving priority of lien.* The burden was upon the plaintiff in replevin to prove that the service of an execution was intentionally withheld, to support his contention that the lien had ceased when his chattel mortgage lien attached.

3. EXECUTIONS—*when lien attaches on expiration of chattel mortgage.* The lien of an execution in the hands of an officer attaches

immediately to property upon the expiration by its own terms of a chattel mortgage thereon.

4. EXECUTIONS—*on what property of defendant's lien attaches.* The lien of the judgment for which execution is in the hands of an officer attaches to all the property the debtor owns.

Appeal by plaintiff from the Circuit Court of Cook county; the Hon. JOHN R. CAVERLY, Judge, presiding. Heard in the first division of this court for the first district at the March term, 1927. Affirmed. Opinion filed October 10, 1927.

FRANK D. SHOBE, for appellant.

WILLIAM S. KLEINMAN, for appellee.

MR. JUSTICE McSURELY delivered the opinion of the court.

This is an appeal from a judgment for the defendant in a replevin proceeding tried by the court.

Plaintiff's claim is based on a chattel mortgage, while defendant claims by virtue of an execution issued in the case of *Vombrach v. Andrew Roth.* Andrew Roth apparently was indebted to his brother, Adolph Roth, and gave a chattel mortgage dated May 27, 1921, to secure $2,000, maturing on or before three years after date. This was duly recorded August 4, 1921. Before the expiration of this mortgage a new mortgage was executed on April 30, 1923, to secure $3,500, due two years after date and duly recorded May 1, 1923. This mortgage by its terms expired April 30, 1925. March 12, 1925, Vombrach had a judgment against Andrew Roth, the mortgagor in the chattel mortgage, for $510.25, and execution was issued March 13 and given to the defendant, bailiff of the municipal court, on March 16, 1925. Defendant was served personally with a copy of this execution and within ten days from the date of service on him filed a schedule, claiming as exemptions only his necessary wearing apparel. This execution remained in the hands of the bailiff the usual 90 days and was returned June 10, 1925, not satisfied.

On the same day an alias execution was issued by the clerk of the municipal court and on the same day delivered to the defendant bailiff for service. At this time the lien of plaintiff's chattel mortgage had expired on April 30. On June 13, 1925, a new mortgage was executed from Andrew to Adolph Roth to secure $3,500, due two years after date, which was recorded June 19, 1925. August 12, 1925, the bailiff levied upon the property under the alias execution given to him on June 10.

The trial court was of the opinion that, by virtue of the alias execution delivered to the defendant bailiff, dated June 10, its lien was prior to the lien of the chattel mortgage dated June 13 and recorded June 19, 1925.

Plaintiff seems to concede this as a general proposition, but says that his sole contention is that the evidence shows that the execution in question was delivered to the defendant bailiff with instructions to withhold the same, and, therefore, by virtue of said instructions, it did not become a lien on the property. Many cases are cited to the effect that where a plaintiff shows an improper use of his execution or a perversion from its legitimate purposes, it ceases to be a lien. Ordinarily, the lien of an execution is designed to assist a plaintiff, and if it is shown that he is not seeking to enforce his lien, he is liable to lose the benefit of his execution. *Sweetser v. Matson,* 153 Ill. 568; *Everingham v. National City Bank of Ottawa,* 124 Ill. 527, and other such cases.

Defendant admits this is the law, but replies that the proof fails to establish that the judgment creditor of Andrew Roth, or his attorneys, gave any instructions or did anything to indicate that the execution should be withheld when it was delivered to the bailiff on June 10.

The only testimony tending to support plaintiff's claim in this respect is the testimony of an attorney

for the plaintiff of alleged admissions made to him by the attorneys for the judgment creditor. Examining the record in this respect, it does not rise to the dignity of proof. At most it seems to have been simply lawyers' talk on the question of the priority of the claims of the respective parties. Mr. Wind, an attorney associated with Mr. Kleinman, who represented the judgment creditor, denied categorically that the execution was withheld, but stated positively that the execution was placed in the hands of the bailiff for service and that no instructions of any sort were given to the bailiff not to serve it; that this execution was placed in the bailiff's hands in the regular way for the purpose of having the same served. In the cases cited by plaintiff the fact that the service of the execution was deliberately withheld was not controverted. In the instant case the attorneys for the judgment creditor deny that the execution in question took any other than the regular course. The burden was upon the plaintiff to prove that the service of the execution was intentionally withheld, and we are of the opinion that the proof failed in this respect.

As the personal property in question was released from the mortgaged lien on April 30, 1925, the property immediately became subject to the lien of the execution in the hands of the defendant bailiff on June 10. The lien of the judgment, for which execution was in the hands of the defendant bailiff, attached to all property which the debtor owned. *Second Nat. Bank of Monmouth v. Gilbert,* 174 Ill. 485.

Where the lien of a chattel mortgage has expired by its own terms, the lien of an execution by an officer immediately attaches. *Blatchford v. Boyden,* 122 Ill. 657.

The case was tried somewhat informally and largely on the statments of attorneys in the case. On the

record thus made, the finding of the trial court was correct, and the judgment is affirmed.

*Affirmed.*

MATCHETT, P. J., and O'CONNOR, J., concur.